IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Curtis Lee Harbour, ) | |
| ) | C/A No. 2:12-3611-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of ) | |
| Corrections; Allendale Correctional ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Curtis Lee Harbour ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On January 16, 2013, Magistrate Judge Bruce Howe Hendricks issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 10). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. No. 10 at 6). Plaintiff filed objections to the Magistrate Judge's Report on January 31, 2013. (Dkt. No. 12).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify,in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate

Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Complaint be dismissed without prejudice and without issuance and service of process because (1) Defendant South Carolina Department of Corrections is entitled to Eleventh Amendment immunity, and (2) Plaintiff's claims against Defendant Allendale Correctional Institution is not a "person" amenable to suit under § 1983.

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims. Without any further elaboration or argument, in his objections, Plaintiff merely states that under § 1983 "SCDC is not entitle (sic) to Eleventh Amendment immunity." (Obj. at 1-2). Further, in his objections, Plaintiff has included what could be construed as motion to amend his complaint to add further allegations regarding double and triple celling at SCDC. (Obj. at 2-3).

First, neither Defendant is a person for purposes of liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Moreover, to the extent Plaintiff named SCDC as a defendant to seek damages from the State of South Carolina, this action is barred by Eleventh Amendment immunity. *Id.* at 70–71; *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject

to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C.Code Ann. § 15–78–20(e).

Additionally, to the extent Plaintiff seeks to amend his Complaint against SCDC with additional factual allegations, his motion is denied as futile in light of the court's recommendation of summary dismissal, as discussed above. *See* Fed.R.Civ.P. 15; *Foman v. Davis*, 371 U.S. 178 (1962) (stating that leave to amend a pleading should be denied when the amendment would be futile).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 1, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.